IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS KYLE MARTINO,** | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4757 |
| | : | |
| **UNITED STATES DISTRICT COURT** | : | |
| **FOR THE EASTERN DISTRICT** | : | |
| **OF PENNSYLVANIA,** | : | |
|     Respondent. | : | |

<u>**MEMORANDUM OPINION**</u>

**GOLDBERG, J.**                                                                          **April 24, 2024**

Nicholas Kyle Martino filed a Petition for Mandamus pursuant to 28 U.S.C. § 1651, requesting that the Court direct the Clerk's Office for the Eastern District of Pennsylvania refile a "Petition to Unseal Search Warrant Materials," as a new public case. Martino also seeks leave to proceed *in forma pauperis*. For the following reasons, I will grant Martino leave to proceed *in forma pauperis*[1] and dismiss his Petition for Mandamus.

**I.     BACKGROUND**

On November 20, 2023, Martino filed a "Petition to Unseal Search Warrant Materials" through this Court's electronic document submissions ("EDS") system. (Mandamus Pet., ECF No. 2 at 1.)[2] In his Petition to Unseal, Martino sought the disclosure of materials related to a search warrant executed on one of Martino's online accounts. (*Id*.) After filing his Petition to Unseal, Martino then communicated with members of the Clerk's Office, who informed Martino

---

[1]     It appears that Martino is incapable of paying the fees to commence this civil action.

[2]     The Court adopts the pagination supplied by the CM/ECF docketing system. Martino submitted a Memorandum in Law in Support of Petition in addition to his Mandamus Petition. (*See* Mandamus Pet. at 4-7.)

that his Petition to Unseal was filed under seal in the magistrate judge matter to which it related. (*Id*. at 2.) Martino states that he did not intend or request that his Petition to Unseal be filed under seal where he is "unable to make subsequent filings, be notified of subsequent filings, or be assured that the Petition was in fact docketed." (*Id*.) In his mandamus petition Martino requests that the Petition to Unseal be filed on a new public docket. (*Id*. at 3.)

## II.  DISCUSSION

In this mandamus action, Martino requests an order directing the Clerk's Office to refile his Petition to Unseal on a new public docket even though it has already been filed on the docket of the related sealed matter. Martino brings the mandamus action pursuant to 28 U.S.C. § 1651. (*Id*. at 7.) Martino contends that the Clerk's Office lacked the authority to file the Petition to Unseal in the sealed magistrate matter since he requested to have it filed as a new civil or miscellaneous action. (*Id*. at 6.)

District courts have authority under the All Writs Act to issue a writ in the nature of mandamus when "necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *see also In re Chambers Dev. Co., Inc*., 148 F.3d 214, 223 (3d Cir. 1998). "The writ of mandamus is an 'extreme' remedy reserved for only the most 'extraordinary situations.'" *In re Abbott Lab'ys*, --- F.4th ---, No. 23-2412, 2024 WL 1040669, at *4 (3d Cir. Feb. 22, 2024) (quoting *Haines v. Liggett Grp. Inc*., 975 F.2d 81, 88 (3d Cir. 1992)). To obtain mandamus relief, a petitioner like Martino must show: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." *Id*. (quoting *In re Howmedica Osteonics Corp*., 867 F.3d 390, 401 (3d Cir. 2017) (internal citations and quotation marks omitted)). The United States Court of Appeals for the Third Circuit has noted that the "standard presents a high bar" for

petitioners. *Id*. (noting that petitioners must demonstrate a "clear abuse of discretion or conduct amounting to usurpation of judicial power" (internal quotations and citations omitted)).

Martino has failed to clear the high bar required to award mandamus relief. He has not demonstrated a clear and indisputable right to have his Petition to Unseal filed as a public case separate from the sealed magistrate judge matter to which it relates. *See In re Bedell*, 579 F. App'x 131, 133 (3d Cir. 2014) (*per curiam*) (rejecting mandamus petitioner's request to order that documents be filed on docket as "mandamus relief is not appropriate"). Generally, "matters of docket control . . . are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). Despite Martino's contention, the Clerk's Office was within its authority to file his Petition to Unseal – which related to and referenced a confidential search warrant matter – in the sealed magistrate case to which it related. *See In re Jones*, 564 F. App'x 640, 641-42 (3d Cir. 2014) (denying mandamus petition to direct the district court to unseal a transcript where, *inter alia*, the petitioner failed to show extraordinary circumstances); *see also United States v. Sealed Search Warrants*, No. 99-1096, 1999 WL 1455215, at *5 (D.N.J. Sept. 2, 1999) (concluding that "based upon experience and logic, there is no First Amendment right to access the affidavits and inventories submitted in connection with the search warrants" as "[i]t cannot be disputed that the process by which a search warrant is obtained has historically been a closed one" (citing cases)).

Mandamus relief is also not appropriate here because an alternative avenue for adequate relief exists. Martino's Petition to Unseal is pending before a Magistrate Judge in the related sealed matter and will be adjudicated in that matter. *See Weldon v. U.S. Att'y for Middle Dist.*, 294 F. App'x 697, 698 (3d Cir. 2008) (*per curiam*) (affirming denial of mandamus relief where an alternative avenue for relief was available to the petitioner); *see also In re Jones*, 564 F. App'x at

641-42 (denying mandamus petition to direct the district court to unseal a transcript where, *inter alia*, the petitioner had alternative means to challenge the sealing). Accordingly, Martino has failed to demonstrate that his desire to litigate his Petition to Unseal on a public docket as opposed to on the sealed docket to which it relates is an extraordinary situation warranting mandamus relief under 28 U.S.C. § 1651.[3]

### III. CONCLUSION

For the foregoing reasons, I will grant Martino leave to proceed *in forma pauperis* and dismiss his Petition for Mandamus. No opportunity to amend will be permitted as Martino cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

---

[3] Although Martino does not seek mandamus relief under 28 U.S.C. § 1361, I note that even if he had, the relief would not be warranted. Under § 1361, district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, courts, including the Third Circuit Court of Appeals, have concluded that the statute does not apply to compel the actions of judicial employees. *See Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (stating that "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that Congress, in enacting § 1361 was thinking solely in terms of the executive branch." (internal citations and quotations omitted)); *Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014) (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that the Supreme Court is not an "'agency' within the meaning of § 1361"); *United States v. Cox*, No. 11-99, 2017 WL 11428575, at *4 (D.N.J. Jan. 6, 2017) (holding, *inter alia*, that district court lacked jurisdiction to grant writ of mandamus directed against Third Circuit Clerk), *aff'd*, 692 F. App'x 85 (3d Cir. 2017).